IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAHMAEL HOLT,<br><br>*Petitioner*,<br><br>v.<br><br>SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>*Respondents*. | Civil Action No. 2:22-cv-1766<br><br>Hon. William S. Stickman IV |

**MEMORANDUM**

Pending before the Court is Petitioner Rahmael Holt's "Unopposed Motion to Stay Habeas Proceedings and Administratively Close Case Pending the Exhaustion of State Court Remedies." (ECF No. 19). For the reasons below, the Court will deny the Motion and dismiss this case without prejudice to Holt bringing another federal habeas action, if necessary, after the conclusion of his state court proceeding.

**I.     BACKGROUND**

Patrolman Brian Shaw of the New Kensington Police Department was shot and killed in the line of duty on November 17, 2017. The Commonwealth charged Holt with Officer Shaw's murder and sought the death penalty in the event he was convicted of first-degree murder. Holt's trial was held in the Court of Common Pleas of Westmoreland County in November 2019. The jury convicted him of first-degree murder and related crimes. At the end of the penalty phase of the trial, the jury determined that the aggravating circumstance outweighed any mitigating circumstances and recommended a sentence of death, which the trial court then formally imposed.

1

The Supreme Court of Pennsylvania affirmed Holt's judgment of sentence in *Commonwealth v. Holt*, 273 A.3d 514 (Pa. 2022). The Supreme Court of the United States denied a petition for a writ of certiorari on October 31, 2022. *Holt v. Pennsylvania*, 143 S. Ct. 380 (2022). Thus, Holt's judgment of sentence became final under state and federal law on that date. 42 Pa. Cons. Stat. § 9545(b)(3); *Gonzalez v. Thaler*, 565 U.S. 134, 149-54 (2012) (a judgment becomes final under 28 U.S.C. § 2244(d)(1)(A) at the end of direct review or the expiration of time for seeking such review).

Holt, proceeding pro se, commenced this action in December 2022 under 28 U.S.C. § 2254, the federal habeas statute applicable to an individual in custody pursuant to a state court judgment. Section 2254 permits a federal court to grant the petitioner the writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a).

Holt's pro se Petition for a Writ of Habeas Corpus, which he filed to commence this case, raised four grounds for relief. (ECF No. 5 at 5-10). Holt indicated that he exhausted each of these claims in his direct appeal, but he also wrote in the Petition: "I have more issues to raise about my trial and sentence. I need the help of Attorneys to raise these issues." (*Id.* at 14).

The Court appointed the Federal Public Defender for the Western District of Pennsylvania to represent Holt in this federal habeas case and directed counsel to file periodic status reports. (ECF Nos. 4, 8). Attorney Kirk J. Henderson entered his appearance as Holt's counsel. Later, at Attorney Henderson's request, the Court appointed the Capital Habeas Unit, Federal Community Defender Office for the Eastern District of Pennsylvania ("FCDO") to serve as co-counsel on this case. (ECF Nos. 14, 15). Cristi A. Charpentier then entered her appearance as counsel for Holt. (ECF No. 16).

The Court takes judicial notice of the docket sheet and recent filings in Holt's state criminal case, *Commonwealth v. Holt*, No. CP-65-CR-0005539-2017 (C.C.P. Westmoreland Co.), all of which are available to the public. These documents show that on or around August 4, 2023, Holt filed a petition for collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541 *et seq*. A few days later, Attorney Michael Gonzales with the FCDO entered his appearance in Holt's PCRA case as pro bono counsel. Holt's counseled, amended PCRA petition was originally due on December 26, 2023, but the trial court (now the PCRA court) recently granted Holt's motion for an additional 180 days to file it.

Because Holt is litigating a PCRA proceeding in state court, this Court directed him to show cause why this federal habeas case should not be dismissed without prejudice pending the exhaustion of his available state court remedies. (ECF No. 18). In response, Holt filed the pending unopposed Motion (ECF No. 19) requesting that the Court stay this case until the completion of his PCRA case.

**II.    ANALYSIS**

**A.    The Federal and State Statutes of Limitations Applicable to Holt's Claims**

To evaluate Holt's request for a stay, it is first necessary to briefly explain the federal and state statutes of limitations applicable to his claims for collateral relief. That is because, as explained in the next section, if a petitioner shows that he may in the future have a problem complying with the statute of limitations applicable to his federal habeas claims, a stay may be warranted.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") substantially revised the law governing federal habeas corpus petitions filed under § 2254. Among other things, AEDPA enacted a one-year statute of limitations, which is codified at 28 U.S.C. § 2244(d). In

relevant part, AEDPA requires the petitioner to file his habeas claims within one year of the date his judgment of sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As explained above, Holt's judgment of sentence became final on October 31, 2022. Importantly, however, AEDPA's limitations period is statutorily tolled for "the time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2) (emphasis added). A PCRA petition that is rejected by a state court as untimely or for lack of jurisdiction is not "properly filed" for § 2244(d)(2) purposes and therefore will not toll AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Satterfield v. Johnson*, 434 F.3d 185, 192 (3d Cir. 2006). A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance'…. In other words, until the application has achieved final resolution through the State's post-conviction procedures[.]" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).[1]

As for Pennsylvania law, the PCRA also has a one-year statute of limitations. Absent certain exceptions, Pennsylvania law provides that an application for PCRA relief must be filed within one year of the date the petitioner's judgment becomes final. 42 Pa. Cons. Stat. Ann. § 9545(b)(1). The PCRA's time limits are jurisdictional. *See, e.g., Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014).

Since Holt's judgment of sentence became final on October 31, 2022, he had until on or around October 31, 2023 to commence a timely PCRA proceeding. He filed his pro se PCRA

---

[1] A petitioner is not entitled to statutory tolling under § 2244(d)(2) for the period available to petition for writ of certiorari to the Supreme Court of the United States following state collateral review, *Lawrence v. Florida*, 549 U.S. 327, 332 (2007), or during the pendency of a federal petition, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

petition on or around August 4, 2023, well within the PCRA's deadline. Accordingly, whether Holt's PCRA proceeding is statutorily tolling AEDPA's statute of limitations under § 2244(d)(2) is not an issue in this habeas case. Although this Court cannot predict how the state court will adjudicate Holt's claims, it is fair for this Court to proceed under the assumption that AEDPA's one-year statute of limitations has been statutorily tolled under § 2244(d)(2) since Holt filed his pro se PCRA petition, and that it will remain tolled until any state appellate review of an eventual PCRA court decision is complete.

### B. Holt Has Not Shown "Good Cause" to Stay This Case

State inmates like Holt must complete the exhaustion of their available state court remedies before a district court may evaluate their habeas claims. 28 U.S.C. § 2254(b). This exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Federal court intervention would be premature whenever a state procedure still gives a petitioner a chance to obtain relief from the judgment of sentence that he seeks to attack in a federal habeas proceeding. *See, e.g., Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1998) ("The exhaustion requirement does not foreclose federal relief, but merely postpones it.").

It has long been the rule that if a petitioner files a "mixed" federal habeas petition (which means it contains both exhausted and unexhausted claims), the district court should dismiss the petition without prejudice to the petitioner filing another habeas action after he exhausts his available state court remedies. *Rose v. Lundy*, 455 U.S. 509 (1982); *see, e.g., Lines v. Larkins*, 208 F.3d 153, 159-60 (3d Cir. 2000) ("Federal courts will dismiss without prejudice claims that have not been properly presented to the state courts, allowing petitioners to exhaust their claims.")

Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, a stay is appropriate only when the petitioner has established "good cause" for his failure.[2] *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Courts have found "good cause" when a petitioner has shown the possibility that he may be time-barred under AEDPA from litigating his habeas claims in federal court after his state collateral proceeding has concluded. *Id.*; *Heleva v. Brooks*, 581 F.3d 187, 189-93 (3d Cir. 2009); *Crews v. Horn*, 360 F.3d 146, 151-54 (3d Cir. 2004). In fact, the practice of staying certain federal habeas cases developed because of the interplay between AEDPA's one-year statute of limitations, which went into effect in 1996, and the pre-AEDPA rule discussed above that requires a district court to dismiss mixed petitions without prejudice. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that to avoid predicaments that may arise in attempting to comply with AEDPA's statute of limitations while at the same time exhausting claims in state court, a state prisoner may file a "protective" habeas petition in federal court that raises timely-filed habeas claims and then ask the district court to stay the federal case and hold his petition in abeyance until he has completed the exhaustion of his claims in state court.

Holt requests a stay under *Rhines v. Weber* (ECF No. 19 ¶ 5), but he has not shown "good cause" to justify this Court's employment of the "stay and abeyance" procedures set forth in that case. He acknowledges that any amended federal habeas petition filed by his counsel would be a "mixed" petition, which under normal circumstances would be subject to dismissal without prejudice. He also acknowledges that he has a timely-filed PCRA proceeding pending in state court

---

[2] If the petitioner demonstrates "good cause" for the failure to exhaust earlier, he must also establish that he has "potentially meritorious claims" and that he did not engage in abusive litigation tactics or intentional delay. *Rhines*, 544 U.S. at 277-78.

in which he is in the process of exhausting his available state court remedies with respect to those claims he did not exhaust in his direct appeal. (*Id.* ¶¶ 7-8, 10). And, as explained above, there is no basis for the Court to question whether Holt's PCRA proceeding statutorily tolled AEDPA's statute of limitations staring on or around August 4, 2023, which was almost three months before AEDPA's limitations period otherwise would have expired on or around October 31, 2023.

The United States Court of Appeals for the Third Circuit has instructed that even if the state proceeding *is* statutorily tolling AEDPA's limitations period, district courts still must consider how much time the petitioner will have to file a timely federal habeas petition after the state proceeding ends. *Tarselli v. Sup't Greene SCI*, 726 F. App'x 869, 875 (3d Cir. 2018) (citing *Heleva*, 581 F.3d at 192-93). Here, Holt's judgment of sentence became final on October 31, 2022, and he filed his PCRA petition—which is statutorily tolling AEDPA's statute of limitations—around 277 days later, on August 4, 2023. Thus, when Holt's PCRA proceeding ends, he will have almost three months remaining under AEDPA's statute of limitations to file timely claims in another habeas action in this Court.

In considering whether that is enough time for Holt to do so, the Court takes into consideration the fact that an FCDO attorney represents Holt in his PCRA proceeding. Attorneys with the FCDO office have special expertise in capital jurisprudence and have represented capital habeas petitioners in numerous cases before the Pennsylvania state courts, this Court, the other federal district courts in Pennsylvania, the Court of Appeals for the Third Circuit, and the Supreme Court. One of the things that Holt's FCDO attorney is doing in his PCRA proceeding is investigating, developing and litigating the federal constitutional claims that Holt may one day raise in another federal habeas petition if his request for PCRA relief is denied. Thus, under the circumstances, there is no basis for this Court to conclude that Holt may not have sufficient time

to file timely claims in another federal habeas action if he does not receive relief in his PCRA proceeding.

Finally, Holt's argument that staying this case will conserve judicial resources is not persuasive. If Holt receives the relief he seeks in his PCRA case, the pursuit of federal habeas relief will not be necessary. The possibility that the state court may not grant him relief is not justification to stay this case for the years it will likely take to litigate his PCRA petition to completion. In *Rhines v. Weber*, the Supreme Court cautioned that the "stay and abeyance" procedure, if employed too often, undermines two of AEDPA's objections, which are to encourage state inmates to seek relief from state courts *before* they file a federal habeas petition and to discourage the delay of the resolution of federal habeas corpus proceedings. 544 U.S. at 277. "For these reasons," the Supreme Court explained, "stay and abeyance should be available only in limited circumstances." *Id.* at 278. No such limited circumstance is present here.

Based on the above, the Court concludes that Holt has not established "good cause" for his failure to first exhaust his state court remedies and therefore there is no justifiable reason to stay this case rather than dismiss it without prejudice. *Ellison v. Rogers*, 484 F.3d 658 (3d Cir. 2007) (affirming the district court's decision to dismiss without prejudice habeas petition when the petitioner had available state court remedies); *see, e.g., Martin v. Wetzel, et al.*, No. 15-cv-1607, Order (W.D. Pa. Feb. 22, 2016) (Schwab, J.) (dismissing without prejudice habeas petition because the petitioner was exhausting his state court remedies in a PCRA proceeding); *Hairston v. Beard, et al.*, No. 2:10-cv-1119, Mem. Op. (W.D. Pa. Oct. 28, 2011) (Fischer, J.) (same); *Fiebiger v. Beard, et al.*, No. 03-cv-963, Mem. Op. (W.D. Pa. Mar. 11, 2014) (Conti, J.) (same); *Crispell v. Wetzel, et al.*, No. 3:11-cv-168, Mem. Order (W.D. Pa. Sept. 19, 2011) (Cercone, J.) (same);

*Baumhammers v. Wetzel, et al.*, No. 2:11-cv-258, Mem. Order (W.D. Pa. Mar. 3, 2011) (McLaughlin, J.) (same).

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To the extent a certificate of appealability determination is required, *see Lauderdale-El v. Indiana Parole Bd.*, 35 F.4th 572, 578 (7th Cir. 2022), Holt is not entitled to one because jurists of reason would not find it debatable whether this case should be dismissed without prejudice because he is exhausting his state court remedies. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### III. CONCLUSION

For the reasons given above, the Court will deny Holt's motion to stay, deny certificate of appealability, and dismiss this case without prejudice.

An appropriate order follows.

Date: February 12, 2024

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE